IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ADVANCED DISPLAY TECHNOLOGIES OF TEXAS, LLC, a Texas limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>DELL, INC., a Delaware corporation; FUTUREWEI TECHNOLOGIES, INC., d/b/a HUAWEI TECHNOLOGIES (USA), a Chinese corporation; HTC CORPORATION, a Taiwanese corporation; LENOVO, INC., a Delaware corporation; MOTOROLA MOBILITY HOLDINGS, INC., a Delaware corporation; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; a Delaware corporation; SANYO NORTH AMERICA CORPORATION, a Delaware corporation; SONY CORPORATION OF AMERICA, a New York corporation; SONY ERICSSON MOBILE COMMUNICATIONS (USA), Inc., a Delaware corporation; SONY ERICSSON MOBILE COMMUNICATIONS AB, a Swedish corporation<br><br>            Defendants. | CASE NO.  6:11cv391<br><br>**JURY DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Display Technologies of Texas, LLC ("Advanced Display") sues Defendants Dell, Inc., Futurewei Technologies, Inc. d/b/a Huawei Technologies (USA), HTC Corporation, Lenovo, Inc., Motorola Mobility Holdings, Inc., Philips Electronics North America Corporation, Sanyo North America Corporation, Sony Corporation of America, Sony Ericsson

1

Mobile Communications (USA), Inc., and Sony Ericsson Mobile Communications AB (collectively "Defendants") and, on information and belief, alleges as follows:

### Introduction

1. Plaintiff Advanced Display owns the inventions described and claimed in United States Patent Nos. 5,739,931 (entitled "Illumination System Employing an Array of Microprisms" and referred to herein as the '931 patent) and 6,261,664 (entitled "Optical Structures for Diffusing Light" and referred to herein as the '664 patent), collectively the "Patents." Defendants have used and continue to use Plaintiff's patented technology in products that they make, use, import, sell, and offer to sell. Plaintiff Advanced Display seeks damages for patent infringement and an injunction preventing Defendants from making, using, selling, or offering to sell products embodying the technology claimed by the Patents without Plaintiff's permission.

### Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq. The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3. Each of the Defendants has committed acts and continues to commit acts within this judicial district giving rise to this action. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

### Plaintiff Advanced Display

4. Plaintiff Advanced Display is a limited liability company existing under and by virtue of the laws of the State of Texas.

**The Patents**

5.  The United States Patent and Trademark Office issued the '931 patent (attached as exhibit A) on April 14, 1998, and issued the '664 patent (attached as exhibit B) on July 17, 2001.  Through assignment, Plaintiff is the owner of all right, title, and interest in the Patents, including all rights to pursue and collect damages for past infringement of the Patents.

**Defendants**

6.  Dell, Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Round Rock, Texas.

7.  Futurewei Technologies, Inc. d/b/a Huawei Technologies (USA) ("Huawei") is a Chinese corporation, with a principle place of business in Plano, Texas.

8.  HTC Corporation ("HTC") is a corporation organized and existing under the laws of Taiwan, with its principle place of business in Bellevue, Washington.

9.  Lenovo, Inc. ("Lenovo") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Morrisville, North Carolina.

10. Motorola Mobility Holdings, Inc. ("Motorola") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Libertyville, Illinois.

11. Philips Electronics North America Corporation ("Philips") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Andover, Massachusetts.

12. Sanyo North America Corporation ("Sanyo") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in San Diego, California.

13. Sony Corporation of America ("Sony") is a corporation organized and existing under the laws of the State of New York, with its principle place of business in New York, New York.

14. Sony Ericsson Mobile Communications AB is a Swedish corporation with a principle place of business in Lund, Sweden.  Sony Ericsson Mobile Communications (USA), Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business in Atlanta, Georgia.  Collectively, these Defendants are referred to as ("Sony Ericsson").

## FIRST CLAIM FOR PATENT INFRINGEMENT ('931 PATENT)

15. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 13 above and further alleges as follows:

16. The United States Patent and Trademark Office issued the '931 patent on April 14, 1998.  Plaintiff is the owner of the '931 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover damages for past, ongoing, and future infringement of the patent.

17. Defendant Dell has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, computers, computer monitors, flat screen televisions, and tablets) that include display technology that infringes one or more claims of the '931 patent.

18. Defendant Huawei has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, tablets, smartphones, and digital frames) that include display technology that infringes one or more claims of the '931 patent.

19. Defendant HTC has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, smartphones) that include display technology that infringes one or more claims of the '931 patent.

20. Defendant Lenovo has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, notebooks and LCD monitors) that include display technology that infringes one or more claims of the '931 patent.

21. Defendant Motorola has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, smartphones, tablets, and navigation systems) that include display technology that infringes one or more claims of the '931 patent.

22. Defendant Philips has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, digital cameras, digital signage, and portable video players) that include display technology that infringes one or more claims of the '931 patent.

23. Defendant Sanyo has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, smartphones, digital signage, and navigation systems) that include display technology that infringes one or more claims of the '931 patent.

24. Defendant Sony has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, digital cameras, digital signage, and navigation systems) that include display technology that infringes one or more claims of the '931 patent.

25. Defendant Sony Ericsson has infringed the '931 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to smartphones) that include display technology that infringes one or more claims of the '931 patent.

26. Plaintiff has been damaged by Defendants' infringement of the '931 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '931 patent.

27. Plaintiff demands trial by jury of all issues relating to this claim.

**SECOND CLAIM FOR PATENT INFRINGEMENT ('664 PATENT)**

28. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 13 above and further alleges as follows:

29. The United States Patent and Trademark Office issued the '664 patent on July 17, 2001. Plaintiff is the owner of the '664 patent with full rights to pursue recovery of royalties or damages for infringement of the patent, including full rights to recover damages for past, ongoing, and future infringement of the patent.

30. Defendant Dell has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products

(including, but not limited to, computers, computer monitors, flat screen televisions, and tablets) that include display technology that infringes one or more claims of the '664 patent.

31. Defendant Huawei has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, tablets, smartphones, and digital frames) that include display technology that infringes one or more claims of the '664 patent.

32. Defendant HTC has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, smartphones) that include display technology that infringes one or more claims of the '664 patent.

33. Defendant Lenovo has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, notebooks and LCD monitors) that include display technology that infringes one or more claims of the '664 patent.

34. Defendant Motorola has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, smartphones, tablets, and navigation systems) that include display technology that infringes one or more claims of the '664 patent.

35. Defendant Philips has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, digital cameras, digital signage, and portable video players) that include display technology that infringes one or more claims of the '664 patent.

36. Defendant Sanyo has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, smartphones, digital signage, and navigation systems) that include display technology that infringes one or more claims of the '664 patent.

37. Defendant Sony has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to, LCD televisions, LCD monitors, digital cameras, digital signage, and navigation systems) that include display technology that infringes one or more claims of the '664 patent.

38. Defendant Sony Ericsson has infringed the '664 patent and, unless enjoined, will continue to do so by manufacturing, importing, using, selling, or offering for sale computer products (including, but not limited to smartphones) that include display technology that infringes one or more claims of the '664 patent.

39. Plaintiff has been damaged by Defendants' infringement of the '664 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '664 patent.

40. Plaintiff demands trial by jury of all issues relating to this claim.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing the '931 AND '664 patents;

B. Compensatory damages for Defendants' infringement of the '931, and '664 patents;

C. Costs of suit and attorneys' fees;

D. Pre-judgment interest; and

E. For such other relief as justice requires.

Dated: August 1, 2011                 Respectfully submitted,

By:    /s/ Julien A. Adams

Gregory S. Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

ATTORNEYS FOR PLAINTIFF
ADVANCED DISPLAY
TECHNOLOGIES OF TEXAS, LLC